Jack Rosenberg, J.
Defendants herein seek reconsideration of the court’s ruling that reasonable cause exists for the issuance of warrants of seizure and arrest against defendants on a charge of violation of the obscenity provisions of the Penal Law. (64 Misc 2d 311.) That ruling was made after the requisite pre *613 liminary adversary hearing. The court’s ruling was based on the court’s own viewing of the film in question and its receipt of testimony from expert witnesses called by the defendants.
The motion for reconsideration is based primarily on the decision of the United States Court of Appeals for the Second Circuit handed down on September 14, 1970, in United States v. 35 M.M. Motion Picture Film Entitled “ Language of Love ” (N. Y. L. J., Oct. 2, 1970, pp. 1, 4, 5). It is contended that that opinion “ indicates ” that where consenting adults pay an admission price for entrance into a theatre and there is no pandering, no valid charge of obscenity is sustainable.
This court was familiar with the decision relied on by defendants at the time it wrote the decision which defendants seek to have reconsidered. The Second Circuit’s excellent, thoughtful, and eminently readable ruling deals with issues which differ in essential respects from that faced by this court in the adversary hearing which led to the issuance of the seizure and arrest warrants for which reconsideration is here sought.
First, the Second Circuit stresses that the film it was considering was a “ movie version of the ‘ marriage manual ’ ” and notes that 11 any documentary classification is expressly disavowed.” It points out that a ruling by it upholding the jury verdict of seizure in the District Court would bar any showing of the film in the entire United States. It finds, unlike the finding of the court with respect to “ Censorship in Denmark ”, that “ Language of Love ” does not appeal to prurient interest, because it portrays “ normal heterosexual relations” and is not 11 calculated to appeal to a shameful or morbid interest in nudity or sex. ’ ’ It finds also that in ‘ ‘ Language of Love ’ ’ ideas are presented about sex and that the film purported ‘ ‘ to examine and dramatize candidly certain marital difficulties said to beset present-day society and to reveal the potential for sexual harmony. 5 ’ It also noted that “ the dominant theme is the revelation and solution of sexual problems, and the authors and principals are not1 leering sensualists In stark contrast, this court found reasonable cause to believe that “ Censorship in Denmark: A New Approach ” dealt with pornography, not sex education, and its authors had used the documentary approach with tongue in cheek. The film’s presentation of portions of several stag films can clearly be characterized as appeals to leering sensuality.
Defendants seek to draw, from the Second Circuit’s discussion of the possible application of Ginzburg v. United States (383 U. S. 463 [1966]) to the potentiality that “ Language of Love ” may lend itself to exploitation of interests in titillation, a ruling *614 binding on this court, that where consenting adults pay an admission price for entrance into a theatre and there is no “ pandering ” there can be no obscenity. But there is nothing in the Second Circuit’s opinion to sustain this argument. The test of obscenity is not how it is exploited. Rather the test is the one adhered to by the Second Circuit (U. S. A. v. 35 M.M. Motion Picture Film Entitled ‘‘Language of Love ”, supra) the same three-part test relied on by this court in its original ruling herein, the test of Memoirs v. Massachusetts (383 U. S. 413).
The affidavit submitted in support of the motion for reconsideration also consists of statements attacking the conclusions of the court as to the propriety of its procedure and the correctness of its conclusions on the evidence. Since these matters have all been dealt with fully in the court’s original decision on the adversary hearing, there is no need to discuss them further.
Finally the defendants submit as a reason for reversal of this court’s original decision the nonprosecution of other alleged violating exhibitors of similar type films. This court, of course, cannot try matters other than the one before it. If other prosecutable displays are on view in this city, it is question for the District Attorney.
The motion for reconsideration having been given deliberation, the same is denied and the original decision of this court is adhered to.